19-3984
Sherpa v. Garland

BIA
Lopez Defillo, IJ
A206 185 528

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-three.

PRESENT:
    MICHAEL H. PARK,
    ALISON J. NATHAN,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*

_____

ANG DAWA SHERPA,
        *Petitioner*,

        v.                                                        **19-3984**
                                                                  **NAC**
MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:** Jason Schaffer, Mungoven & Associates, P.C., New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Ang Dawa Sherpa, a native and citizen of Nepal, seeks review of a November 8, 2019 decision of the BIA affirming a March 12, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ang Dawa Sherpa*, No. A206 185 528 (B.I.A. Nov. 8, 2019), *aff'g* No. A206 185 528 (Immigr. Ct. N.Y.C. Mar. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review factual findings for substantial evidence and questions of law de novo, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). An asylum applicant has the burden to demonstrate past persecution or a well-founded fear of future persecution, on account of

2

"race, religion, nationality, membership in a particular social group, or political opinion."

8 U.S.C. § 1158(b)(1)(B)(i); *see* 8 C.F.R. § 1208.13(b).

Persecution may include "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006). In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).

The agency did not err in concluding that Sherpa failed to establish past persecution. Sherpa alleged that he was a supporter of the Nepali Congress Party ("NCP") and that Maoists beat him when he refused to join them. Although "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment," *Ivanishvili*, 433 F.3d at 342, the agency did not err in concluding that the assault by non-government actors, which did not result in serious injury, did not amount to past persecution, *see Beskovic*, 467 F.3d at 226 (explaining that a "minor beating . . . *may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground*," (emphasis added) (quotation marks omitted)); *see also Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("Members of a political party are not the government; for mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the

3

attackers."). Moreover, the agency explicitly considered the past incidents in the aggregate. *See Poradisova*, 420 F.3d at 79–80.

Because Sherpa did not establish past persecution, he had the burden to demonstrate a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005).

The agency did not err in concluding that Sherpa's fear was not objectively reasonable because he had lived safely in Kathmandu for six years after the assault and had no direct contact with the Maoists since 2002. *Id*. at 129 ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *see also* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so."). Sherpa's fear of persecution is further undermined by his voluntary return to Nepal from India before leaving for the United States, despite his assertion that

4

the Maoists were looking for him, and the fact that he encouraged his wife, who was still living in their village, to support the NCP despite his alleged fear for his life.

Finally, the record reflects that the agency considered the country-conditions evidence because the IJ acknowledged political violence after the last election, U.S. State Department reports referencing the police response to the violence, and Sherpa's testimony that the NCP won the 2017 election in his home village. Sherpa does not identify evidence that the IJ failed to consider, and the record confirms the IJ's finding that the country-conditions evidence does not support an objective fear of future persecution. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

The agency's determination that Sherpa failed to establish a well-founded fear of future persecution for asylum "necessarily" resolves his claims for withholding of removal and CAT relief, which require a greater likelihood of harm. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court